**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:25-cr-00064-2 |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| DORIAN EVANS, | : | |
| | : | |
| Defendant. | : | |

**DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR PRETRIAL DETENTION (DOC. NO. 15)**

This case came before the Court on the Government's Motion for Pretrial Detention (Doc. No. 15), which seeks to detain Defendant Dorian Evans ("Defendant") prior to trial. This Court held a hearing and took this Motion under advisement. This opinion sets forth the Court's findings of fact and statement of reasons for granting the Motion and orders certain conditions for Defendant's pretrial detention.

**I.      LEGAL STANDARDS**

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). Alternatively, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). Because the Federal Rules of Evidence do not apply at pretrial detention hearings, the Court may consider

both hearsay and evidence provided by proffer. 18 U.S.C. § 3142(f); *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010).

Even if the Government is authorized to request a detention hearing, "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Therefore, the Court "shall order the pretrial release of the [defendant] on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). A defendant who is released on an unsecured appearance bond must also comply with the standard conditions that he not commit a Federal, State, or local crime while on pretrial release, and cooperate with the collection of a DNA sample if authorized by law. *Id*.

If the Court finds that pretrial release on an unsecured appearance bond will not reasonably assure the defendant's appearance and the safety of the community, the Court nevertheless "shall order the pretrial release of the person" subject to the above-described standard conditions and "the least restrictive further condition, or combination of conditions, that … will reasonably assure the [defendant's] appearance … as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Such conditions include, but are not limited to: submitting to third-party custodial supervision; maintaining or seeking employment; maintaining or commencing an educational program; abiding by "specified restrictions on personal associations, place of abode, or travel;" avoiding contact with victims and witnesses; regularly reporting to pretrial

services; complying with a curfew; refraining from possession of firearms or dangerous weapons; refraining from the use or excessive use of alcohol; refraining from the use of unprescribed controlled substances; and undergoing medical, psychological, psychiatric or substance abuse treatment. *Id*.

However, if the Court finds after holding a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then it "shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). The Government bears the burden of proving that no condition or combination of conditions will reasonably assure (1) the defendant's appearance by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and (2) the safety of other persons and the community by clear and convincing evidence. 18 U.S.C. § 3142(f); *Stone*, 608 F.3d at 945.

When determining whether the Government has met its burden of proof on one or both issues, the Court must consider any rebuttable presumption of detention established by 18 U.S.C. § 3142(e)(2) and (3). A rebuttable presumption of detention will arise if there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption will also arise

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the Government charges the defendant by filing a complaint, however, then the Court must "find[] that there is probable cause to believe that the person committed" the offenses that give rise to a rebuttable presumption. 18 U.S.C. § 3142(e)(3). Significantly, the Court makes this finding based upon the record before it at the detention hearing. Therefore, the Court neither defers to the probable-cause finding that supported issuing the complaint, nor preempts the probable-cause determination at the upcoming preliminary hearing.

if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

To rebut a presumption of detention, the defendant "must introduce at least some evidence" that his release will not pose a risk of flight or danger to the community. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). "Any evidence favorable to a defendant that comes within a category listed in [18 U.S.C.] § 3142(g) can affect the operation of … [this] presumption[], including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in [18 U.S.C.] § 3142(g)(3)." *U.S. v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). The defendant's burden of production is not heavy, and the Government bears the burden of persuasion at all times. *Stone*, 608 F.3d at 945. Even if the presumption is rebutted, the Court must consider it as a factor when deciding whether to detain the defendant prior to trial. *Id*. ("The presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

"Regardless of whether the presumption applies, the Government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d at 946; *accord U.S. v. Wilks*, 15 F.4th 842, 847 (7th Cir. 2021) ("[A]n unrebutted presumption is not, by itself, an adequate reason to order detention. Rather, the presumption is considered together with

4

the factors listed in § 3142(g).") (citing *U.S. v. Dominguez*, 783 F.2d 702, 706-07 (7th Cir. 1986)). In addition to considering any presumption (whether rebutted or unrebutted), the Court must "take into account the available information concerning:"

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;[2]
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## II. ANALYSIS

Based upon the evidence before the Court at the time of the hearing, the Court finds that the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure

---

[2] The Sixth Circuit has held that this factor concerns the weight of the evidence of the risk of flight or dangerousness, rather than the weight of evidence of guilt. *Stone*, 608 F.3d at 948.

Defendant's appearance at required court appearances if he is released.[3] Therefore, the Court grants the Motion.

### A. Rebuttable Presumption

In this case, a rebuttable presumption of detention applies because the Indictment provides probable cause to believe that Defendant committed a controlled substances offense with a maximum penalty of at least ten years.

The presumption of detention can be rebutted with evidence. Here, the Court finds that Defendant has provided sufficient evidence to rebut the presumption of detention with respect to the risk of flight or non-appearance in this Court. Specifically, Defendant's counsel proffered that Defendant voluntarily self-surrendered to face the charge against him. The parties also agreed that Defendant suffers from serious medical conditions, including congestive heart failure, and has an implanted pacemaker and defibrillator. While this evidence is scant, the Court finds that it is sufficient to meet Defendant's relatively light burden of production to rebut the presumption. *Stone*, 608 F.3d at 945. It shall still be considered as a factor in the Court's analysis, however.

### B. Nature and Circumstances of the Offense

Defendant is charged with conspiracy to possess with intent to distribute, and to distribute, more than 500 grams of methamphetamine and 500 grams of cocaine. If convicted, Defendant faces a mandatory minimum term of imprisonment of ten years and

---

[3] The Government clarified during the detention hearing that it is only seeking detention based upon risk of flight or non-appearance, and not upon risk of dangerousness to the safety of any other person or the community. Therefore, the Court makes no finding regarding the latter issue.

up to a lifetime of imprisonment. Putting aside the dangerousness of this conduct—since the Court is only considering the risk of flight or non-appearance—the length of even the mandatory minimum sentence creates a strong incentive to flee.

Defendant argues that electronic location monitoring will reasonably assure his appearance in Court as required. For the reasons set forth below, the Court disagrees. Therefore, this factor weighs in favor of pretrial detention.

### C. Weight of Evidence of Risk of Flight

The weight of evidence of risk of flight is strong, as described below. Therefore, this factor also weighs in favor of pretrial detention.

### D. Defendant's History and Characteristics

This factor is decidedly mixed. Some facts suggest that Defendant is not likely to flee or to fail to appear in Court as required. These include Defendant's serious medical issues, his decision to voluntarily self-surrender, and a lack of assets that makes it difficult to flee. These facts weigh against pretrial detention.

Other facts are neutral. Because Defendant is unemployed and supports himself with Social Security Disability income, he is not tied to the community by employment. And his family ties to the community are mixed. Defendant is divorced and although one of his daughters lives in Dayton, his other daughter lives in Texas and his ex-girlfriend lives in Celina, Ohio. These facts do not weigh in favor of or against pretrial detention.

Most of the relevant facts, however, support the Government's contention that Defendant is likely to flee or to fail to appear in Court as required if he is released. Most significantly, Defendant was charged with one felony count of escape after walking away

7

from a substance abuse treatment program while in the custody of the Warren County Sheriff. The electronic docket[4] shows that Defendant pled guilty to a reduced first-degree misdemeanor charge of escape and served twenty days in jail. This conviction shows that Defendant is willing to escape from custody if he is able to do so.

Defendant also has a history of non-compliance with Court orders. He has failed to appear in court numerous times. On several occasions, he has violated the terms of his probation or had it terminated unsuccessfully. He allegedly committed the conduct charged in this case while he was on probation. And based upon the information proffered by the Government, it appears that Defendant was dishonest with Pretrial Services when he reported where he has been residing. These facts raise a significant concern that Defendant will not comply with this Court's orders, including any pretrial release conditions that it imposes on him.

As noted above, Defendant argues that electronic location monitoring is sufficient to reasonably assure his appearance in Court. However, because it is possible to defeat electronic location monitoring by cutting off the GPS tracker, the Court must believe that Defendant will comply with this condition. Defendant's record—particularly his escape conviction—does not instill confidence in this regard. Therefore, the Court concludes that the Government has met its burden of proving that this condition (electronic location monitoring) will not reasonably assure Defendant's appearance in Court as required.

---

[4] Available at
https://court.lebanonohio.gov/recordSearch.php?k=docket8321BE0QsOFswiPLUo3VxhgOVa0SIB1PrKbIFVPsbn8J24146689462873816321983441421282825571184504091124293390696211838051812766518067_1.

8

**E. Nature and Seriousness of Danger Posed to The Community**

The Government has not argued that detention is required because of the risk of dangerousness. Therefore, this factor is neutral.

**III. CONCLUSION**

After weighing all of the relevant factors, including the rebutted presumption of detention, the Court finds that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure Defendant's appearance as required by the Court. Therefore, the Government's Motion for Pretrial Detention (Doc. No. 15) is **GRANTED**.

Accordingly, it is hereby **ORDERED** that:

1) Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2) Defendant be afforded reasonable opportunity for private consultation with counsel; and

3) On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which Defendant is confined deliver Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

                                                  */s/ Caroline H. Gentry*
                                                  Caroline H. Gentry
                                                  United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(b). A defendant who files a motion for revocation or amendment must arrange for a transcript of the detention hearing. This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.